Charles A. Loreto, J.
In this habeas corpus proceeding, the relator contends that he is illegally confined in the New York City Penitentiary because he has not been properly credited with the 14-day delay between the date of his sentence (at which time he was confined at the House of Detention) and his arrival at the penitentiary to serve his sentence, and for good behavior commutation time while confined for the period of 193 days in the *230 city jail awaiting trial and sentence. He claims he earned at the rate of 10 days for each month of confinement in the city jail (see Correction Law, § 230, subd. 2; Penal Law, § 2193). The Warden’s position is that there is neither statutory nor common-law sanction for such credit.
The relator was sentenced for a term of one year on September 30,1959, after conviction in the County Court, Kings County. He was received at the penitentiary on October 14, 1959. His maximum sentence expires either on February 4, 1960, or 14 days earlier on January 20, 1960. If credited with good behavior commutation time while confined in the city jail before sentence, as the relator urges, he would be eligible for release on November 21, 1959. However, there is no provision in the statute giving credit or commutation time for good behavior while the prisoner is incarcerated prior to sentence as there is by virtue of section 231 of the Correction Law for the time served by the prisoner by incarceration after sentence. Of course, jail time before sentence must be credited (Penal Law, § 2193) and has been credited to the prisoner here.
There is an apparent inequality of treatment accorded to prisoners for time incarcerated prior to sentence and after sentence. For the latter period of confinement credit is given by statute for good behavior, whereas there is no statutory allowance for the former. In both instances the prisoner is deprived of his liberty and in the latter he is accorded in this respect more favorable treatment. To be sure, there are practical administrative factors to be considered in determining whether to give similar bounty for good behavior prior to sentence. The court expresses its sympathy with the relator’s contention especially in view of his long incarceration prior to sentence. However, this is a matter for legislative concern and correction.

In the interest of justice it is suggested that the Warden of the penitentiary credit the relator with the unreasonable lá-day delay between the date of his sentence and his arrival at the penitentiary.

The writ is dismissed.